State vs. Smith.

## No. 9615.

### THE STATE OF LOUISIANA VS. JOSEPH SMITH.

$\frac{38}{112} \quad \frac{301}{335}$

Oral testimony is admissible to prove the official character of the witness on the stand, when his capacity is not a matter at issue.

A witness cannot be permitted to testify to part of a conversation, his memory being deficient as to the other parts, unless such part of the conversation be essentially to make up a deficiency or connecting link, which otherwise would remain unexplained and a foundation has been previously laid.

A motion for a new trial on the sole ground that the verdict is contrary to law and evidence, is not entitled to notice in this court.

Where it is charged that an offense was committed *at* a certain point, the word *at* means *in*.

In an indictment it is not necessary to specify that the deceased (Martha Calhoun) was a human being.

The words, " Foreman Grand Jury," following the signature of the foreman, mean Foreman of the Grand Jury.

A verdict finding the *prisoner* guilty is a verdict against the defendant.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. *Read,* J.

M. J. *Cunningham,* Attorney General, and *Andrew J. Kearney,* District Attorney, for the State, Appellee.

*Randall H. Odom,* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The defendant was indicted for murder, found guilty of manslaughter and sentenced to ten years hard labor.   He appeals from the verdict and sentence.

The record contains four bills of exceptions.

### I.

The first bill is to the admission of oral testimony to prove that the witness on the stand was a *magistrate,* it being claimed, that the best evidence, namely, his commission, should have been produced to prove that fact.

The official capacity of the witness was not at issue. The office of which he was the incumbent was known to the law and the object in view was to show that the witness was at the time in office and to establish his identity. It is difficult to perceive how the production of the commission would have proved those two facts. The evidence was properly received.

## II.

The second bill is to the exclusion of the testimony of a witness who had declared that she could make a partial statement only, of a conversation—not recollecting the whole substance of the same.

The rule is that garbled testimony should not go to the jury, unless perhaps where it is essential to fill up a gap, or form a connecting link, which otherwise would not be explained.

There is nothing alleged to justify an exception to the rule.

The object of the question which the court did not permit to be answered, was to establish a conversation with the deceased who had, it is claimed, threatened to poison herself, if the accused whipped her.

The bill does not show that any foundation had been laid for such an inquiry; for instance, that the deceased had come to her death by the taking of poison.

Laying such basis was a condition precedent, in the absence of which the testimony was inadmissible.

## III.

The third bill is to the refusal of the Judge to grant a new trial because the verdict was contrary to law and evidence.

It is entitled to no consideration in this court, as it refers to facts which went to the jury and over which this court has no jurisdiction.

## IV.

The fourth bill is to the overruling of the motion in arrest.

The *first* ground on which this motion was based is that the indictment charges that the offense was committed *at* instead of *in* the parish of Calcasieu.

The *second* ground is, that the indictment does not show that the deceased was a human being.

The *third* ground is, that the indictment does not show that H. C. Gill was the foreman of the grand jury.

The *fourth* and last is, that the verdict is illegal, as it finds the *prisoner* guilty of manslaughter.

It is sufficient to answer:

1. That the word *at* means *in*, charging that Joseph Smith *at* the parish of Calcasieu  *   *   *  unlawfully, feloniously, etc., did kill and

murder, etc., clearly charges that Joseph Smith, in the parish, did, etc. If the use of the word was objectionable the accused should before trial have opposed it. He has not done so, but has gone to trial without any protest.

2. It was not necessary to have specified in the indictment that the deceased, *Martha* Calhoun, was a human being.

Those are a Christian and a surname which can be legitimately given to a human being only. The offense charged is *murder*. The use of the term implies the killing of a human being:

The accused must have understood it so, for he did not object to the indictment by a motion to quash before trial.

3. The indictment is indorsed : "*A true bill.* Signed, H. C. GILL, *Foreman Grand Jury.*" The preposition "*of*" was not necessary and is implied.

4. A verdict finding the *prisoner* guilty of manslaughter is unobjectionable. The prisoner is the accused and the accused is the defendant. The prisoner is therefore the defendant.

Quibbles of that character cannot avail the defendant.

It is due to his counsel to say that he has not attempted to support them in this court, either by oral or printed argument.

Judgment affirmed.